THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-314-FL

| | |
|---|---|
| RHONDA MASTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AR RESOURCES, INC., ) | |
| ) | ORDER |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion for entry of default, motion for default judgment, and motion to compel production of documents. Defendant did not respond. In this posture the issues raised are ripe for ruling.

On October 19, 2015, the clerk entered a notice directing plaintiff to proceed in accordance with Federal Rule of Civil Procedure 55 to reduce this matter to judgment, where the docket in this action indicates that defendant had not filed a responsive pleading within the appropriate time period. Under Federal Rule of Civil Procedure 55, entry of default is warranted on the basis of defendant's failure to plead or otherwise respond. Therefore, plaintiff's motion for entry of default is GRANTED. The clerk is DIRECTED to enter default pursuant to Federal Rule of Civil Procedure 55(a).

The court turns next to the motion for default judgment. Upon review of the complaint, the motion, and the declaration in support thereof, plaintiff has established entitlement to default judgment based on the facts alleged in the complaint, premised on violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(4) and 1692e; and the North Carolina

Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-110. These violations entitle plaintiff to statutory damages up to $1000.00 under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A); and statutory penalties of between $500.00 to $4,000.00 under the NCCAA, N.C. Gen. Stat. § 58-70-130(b).

Defendants, by their default, admit plaintiff's well-pleaded allegations of fact. See Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001). Defendants are not, however, held to admit conclusions of law. See id. Further, "the allegations of the complaint regarding the amount of damages suffered are not controlling." Joe Hand Promotions, Inc. v. Coaches Sports Bar, 812 F. Supp. 2d 702, 703 (E.D.N.C. 2011). The court may consider evidence outside of the complaint to determine damages. See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (remanding for hearing on damages for default judgment); J & J Sports Prod., Inc. v. Segura, No. 5:12-CV-241-FL, 2013 WL 1498963, at *2, 3 (E.D.N.C. Apr. 10, 2013) (considering evidence in affidavits to determine damages).

In consideration of the circumstances of the violations, and upon consideration of the statutorily authorized range of damages, the court finds that statutory damages in the following amounts are warranted:

1. Statutory damages of $500.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) for the violations alleged in count one of the complaint;
2. Civil penalties of $2,250.00, pursuant to N.C. Gen. Stat. § 58-70-130(b) for the violations alleged in count two of the complaint.

With respect to attorney fees and costs, the court has reviewed the declaration filed by plaintiff's counsel in determining reasonable attorney fees in this case, pursuant to 15 U.S.C. § 1692k. The court finds reasonable the number of hours expended and the hourly rate, providing

justification in light of the circumstances of this case for a reasonable attorney fee award in the amount of $2,975.00, and costs in the amount of $400.00.

With respect to plaintiff's motion to compel, plaintiff seeks discovery of information related to defendant's insurance coverage. Plaintiff has not demonstrated entitlement in the procedural context of the instant motions for default and default judgment to the discovery sought. Therefore, the motion to compel is denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default is GRANTED, and the clerk is DIRECTED to enter default in favor of plaintiff. Plaintiff's motion for default judgment is GRANTED, and the clerk is DIRECTED to enter judgment in favor of plaintiff for:

1. $500.00 in statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. $2,250.00 in civil penalties pursuant to N.C. Gen. Stat. § 58-70-130(b);

3. $400.00 in costs;

4. $2,975.00 in reasonable attorney fees, pursuant to 15 U.S.C. §1692k(a)(3).

Finally, plaintiff's motion to compel is DENIED.

SO ORDERED, this the 14th day of January, 2016.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge